UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michael Lorenzo Elmore, | ) C/A No. 9:09-3000-MBS-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Jon Ozmint, Director;<br>George T. Hagan;<br>George Jenkins;<br>Annie Jamison, | ) |
| Defendants. | ) |

The plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections. The "lead" defendant, Jon Ozmint, is the Director of the South Carolina Department of Corrections. Defendant Hagan is the Warden of the Allendale Correctional Institution, Defendant Jenkins is a Lieutenant at the Allendale Correctional Institution, and defendant Jamison is an officer there.

This civil rights action concerns the loss of the plaintiff's television when he was moved to the "lock-up" unit. The plaintiff alleges that his television was inventoried on his property inventory on May 2, 2003, but it was not inventoried by defendant Jamison when he was moved to the "lock-up" unit.. Although Part V (the relief portion) of the complaint is left blank (except for

1

the plaintiff's signature and date), the plaintiff in Part II of the complaint states that he is seeking property reimbursement, compensatory damages, and punitive damages.

The plaintiff's exhibits reveal that he filed a grievance on March 6, 2009, about the loss of the television. The grievance was forwarded directly to the Warden (Entry No. 1-1, at page 1). On May 28, 2009, the Warden denied the grievance on the grounds that the confiscated television did not belong to the plaintiff (Entry No. 1-1, at page 2).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



2

complaint is subject to summary dismissal. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986). In *Daniels v. Williams*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. Further, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989)["The Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation."]

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). *Yates v. Jamison* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *See Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); and *Zinermon v. Burch*,

3

494 U.S. 113 (1990). Nevertheless, the holding in *Yates v. Jamison* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986); and *Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D.Ill. 1987). Hence, the loss of the plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Under South Carolina law, the plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.* Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. *See also*, S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.).[2]

---

[2]Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code Ann. § 15-78-80. *Joubert v. South Carolina Department of Social Services*, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8 (S.C.Ct.App. 2000) (outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period). The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years. In other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, the limitations period is only two (2) years. Plaintiffs failing to pursue their claims within the appropriate limitations period will be barred from suit. *See, e.g., Moon v. City of Greer*, 348 S.C. 184, 558 S.E.2d 527 (S.C.Ct.App. 2002); *Murphy v. Richland Memorial Hospital*, 317 S.C. 560, 455 S.E.2d 688 (1995); *Vines v. Self Memorial Hospital*, 314 S.C. 305, 443 S.E.2d 909 (1994); and *Pollard v. County of Florence*, 314 S.C. 397, 444 S.E.2d 534 (S.C.Ct.App. 1994).

Moreover, even if the television was intentionally taken by Officer Jenkins or Officer Jamison, the plaintiff must utilize his remedies under South Carolina law. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *cf. Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230-231 (4th Cir. 2008). In short, the plaintiff has an available judicial remedy for the missing property: the South Carolina Tort Claims Act.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the important Notice on the next page.

Bristow Marchant  
United States Magistrate Judge

December 3  
~~November~~____, 2009  
Charleston, South Carolina


5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

