UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Michael Lorenzo Elmore, #138418, ) | C/A No.: 9:09-3000-MBS-BM |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Jon Ozmint, Director; George T. Hagan; ) George Jenkins; and Annie Jamison, ) | |
| Defendants. ) | |

Plaintiff Michael Lorenzo Elmore is an inmate in the custody of the South Carolina Department of Corrections (SCDC) who is currently housed at the Allendale Correctional Institution. On November 17, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983, seeking reimbursement for the loss of his television and punitive damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Bristow Marchant for pretrial handling. On December 4, 2009, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed. On December 18, 2009, Plaintiff filed objections to the Report and Recommendation. On December 21, 2009, Plaintiff filed amended objections to the Report and Recommendation. On January 4, 2010, Plaintiff filed a motion to remand the case to state court.

**FACTS**

According to the complaint, on June 21, 2008, Plaintiff was placed in a holding cell when he was being moved to the "lock-up" unit. Plaintiff alleges that his television was not inventoried when he was moved to "lock-up" and was not returned to him. Plaintiff filed a grievance with the prison regarding loss of his television on March 6, 2009. Plaintiff's grievance was denied on May

28, 2009 upon a determination by the Warden, Defendant George T. Hagan, that the confiscated television did not belong to Plaintiff. Plaintiff contends that he has evidence that the television did belong to him based on a property inventory from May 2, 2003.

## DISCUSSION

The Magistrate Judge recommended that the case be summarily dismissed because (1) deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983, *see Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986), and (2) Plaintiff has a viable state court remedy under S.C. Code Ann. § 15-78-10 *et seq.* The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's objections are primarily based on the defendants' failure to follow prison inventory procedures. Plaintiff appears to argue that he has a federal cause of action pursuant to *Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981) (finding that negligent loss of personal property amounted to a deprivation under the Due Process Clause). *Parratt*, however, was subsequently overruled by *Daniels*, 474 U.S. 327 in which the Supreme Court ruled that the mere lack of due care by a state

official may not "deprive" an individual of due process. *Id.* at 330. Moreover, the court agrees with the Magistrate Judge that Plaintiff has a cognizable remedy pursuant to state law under South Carolina Code Section 15-78-10 *et seq. See Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986) (holding that a district court should deny § 1983 relief when a plaintiff has a viable remedy for loss of personal property under state law). Therefore, summary dismissal is proper.

The court now turns to Plaintiff's motion to remove this case to state court instead of the court merely dismissing the case without prejudice so that Plaintiff may file a case in state court. This court is aware of no authority permitting it to transfer a case which was not initially filed in state court directly to a state court. Title 28 Unites States Code Section 1147 indicates that a district court many remand a case only to state courts from which the case was removed. In addition, a federal court may only transfer a case to another federal court. *See* 28 U.S.C. § 1404(a). Therefore, the court has no authority to remand or transfer Plaintiff's case to state court. Accordingly, Plaintiff's motion to remand is denied.

## **CONCLUSION**

Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion to remand (Entry 16) is denied. Plaintiff's motion to Appoint Counsel (Entry 12) is denied as moot.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

Columbia, South Carolina
May 11, 2010